## 13264.   SHIRLEY v. THE STATE.

The charge of the court as to the maximum and the minimum punishment
   that the jury could fix was not subject to the exception taken.
The alleged newly discovered evidence did not require a new trial.

DECIDED APRIL 14, 1922.

Conviction of shooting at another; from Habersham superior
court — Judge J. B. Jones.   December 2, 1921.

*Garnett S. McMillan, McMillan & Erwin,* for plaintiff in error.
*Joseph G. Collins, solicitor-general,* contra.

BLOODWORTH, J.   1.   There is no merit in that ground of the
motion for a new trial which alleges error in the charge of the court
in reference to the "maximum" and "minimum" term the jury
could prescribe by their verdict.

2.   A new trial should not be granted on the ground of alleged
newly discovered evidence, because:   (*a*) The alleged newly dis-
covered evidence is that of two men who were walking in the road
with accused when, as claimed by him, he was stopped by the
prosecutor and the quarrel occurred, and the witnesses themselves
swear that they heard the quarrel and saw the fight.   This evidence
could have been discovered before the trial by the exercise of
ordinary diligence.   (*b*) The only effect of the evidence would be
to impeach the witnesses for the State, and it is settled law in this
State that even "though the witness sought to be impeached by
newly discovered evidence was the only witness against the prisoner
upon a vital point in the case, if the sole effect of the evidence
would be to impeach the witness a new trial will not be granted."
*Key* v. *State,* 21 *Ga. App.* 795 (95 S. E. 269).

3.   There is ample evidence to support the verdict; the trial
judge has approved it, and, no error of law having been shown,
this court has no power to interfere.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*